ORIGINAL

LEONGUERRERO_M.gar8a

LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910-5059
TEL: (671) 472-7332
FAX: (671) 472-7215

Attorney's for United States of America

**FILED**
DISTRICT COURT OF GUAM

JAN 1 9 2007

MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>          Plaintiff,   )<br>  )<br>     vs.            )<br>  )<br>MELVIN LEON GUERRERO,     )<br>  )<br>          Defendant,   )<br>_____)<br>  )<br>SMITHBRIDGE GUAM INC.,    )<br>  )<br>          Garnishee.    )<br>_____) | CRIMINAL CASE NO. 97-00026<br><br><br><br><br><br>MOTION FOR ENTRY OF FINAL<br>ORDER IN CONTINUING<br>GARNISHMENT |

Plaintiff, United States of America, respectfully requests the Court to enter the Final Order in Continuing Garnishment in this matter pursuant to 28 U.S.C. § 3205. In support of this motion, the United States respectfully states to the Court the following:

1. An Application for Writ of Continuing Garnishment was filed by the United States of America, and a Writ of Continuing Garnishment directed to Garnishee was duly issued and served upon the Garnishee.

2. Pursuant to the Writ of Continuing Garnishment, the Garnishee filed an Answer stating that at the time of the service of the Writ it had in its possession or under its control personal property belonging to and due defendant, in the form of earnings.

3. The defendant was served with a copy of the Writ of Continuing Garnishment and notified of his right to a hearing. The defendant has not requested a hearing to determine exempt property.

4. 28 U.S.C. § 3205(c)(7) states:

> After the garnishee files an answer and if no hearing is requested within the required time period, the Court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's non-exempt interest in such property.

5. As set forth in the Writ of Continuing Garnishment, the amount of the debt due totals $174,655.83, as of October 20, 2006.

WHEREFORE, all conditions to the issuance of a Final Order in Continuing Garnishment against the non-exempt earnings of the defendant are fully satisfied. The United States respectfully requests that a Final Order in Continuing Garnishment be issued.

DATED this 18th day of January, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney